IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LIONEL RAYALE MAURICE**                                             **PETITIONER**

v.                                                      Criminal No. 1:12cr55-LG-RHW-1
Civil Action No. 1:14cv256-LG

**UNITED STATES OF AMERICA**                                 **RESPONDENT**

<u>**ORDER DENYING MAURICE'S SECTION 2255 MOTION**</u>

**BEFORE THE COURT** is Lionel Rayale Maurice's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [95] filed pursuant to 28 U.S.C. § 2255. His former attorney, Cecil Woods, has filed an affidavit in opposition to the Motion, and the Government has filed a response in opposition to the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Maurice's Section 2255 Motion should be denied.

BACKGROUND

Lionel Rayale Maurice pled guilty to possession with intent to distribute a controlled substance, and District Judge Walter J. Gex, III, sentenced him to serve 240 months imprisonment. Maurice's former attorney, Cecil Woods, filed a Notice of Appeal on Maurice's behalf. Woods then filed a Motion to Dismiss the Appeal, stating that he had met with Maurice and learned that Maurice wished to dismiss his appeal. Woods requested additional time to obtain an affidavit from Maurice confirming his desire for dismissal. On September 24, 2013, a deputy clerk from the United States Court of Appeals for the Fifth Circuit sent Woods a letter, informing

him that, by October 4, 2013, he must send the Fifth Circuit a written authorization of the dismissal signed by Maurice as well as a copy of a certificate of service reflecting that Maurice had been served with a copy of the Motion to Dismiss the Appeal. There is no indication on the Fifth Circuit's docket that these documents were ever provided. Nevertheless, the Fifth Circuit dismissed the appeal on October 8, 2013. Maurice then filed a pro se Motion for Leave to Appeal In Forma Pauperis on November 7, 2013, but Judge Gex denied the Motion, because Maurice had failed to provide the necessary financial documentation to support such a Motion. On June 30, 2014, Maurice filed the present Section 2255 Motion, which was reassigned to the undersigned due to Judge Gex's retirement.

## DISCUSSION

Title 28, United States Code, Section 2255 provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

As part of a plea agreement, a defendant may waive his right to appeal and his right to seek post-conviction relief under 28 U.S.C. § 2255, as long as the waivers are informed and voluntary. *United States v. Murray*, 700 F.3d 241, 245 (5th Cir. 2012); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). However, an ineffective assistance of counsel claim is not barred by waiver if the alleged

ineffective assistance "directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).  Claims that counsel failed to file a requested notice of appeal are also excepted, if the defendant can demonstrate by a preponderance of the evidence that he asked the attorney to file an appeal.  *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

   Maurice first argues that his plea was not knowing and voluntary, because the Court told him he faced zero to five years imprisonment for the crime of possession with intent to distribute a controlled substance.  Maurice has not stated when this alleged statement was made, but he claims that this representation induced him to plead guilty.  He claims he was "blindsided" at the sentencing when Judge Gex stated that the maximum exposure was zero to twenty years imprisonment.  Maurice further alleges that his attorney gave him ineffective assistance and that the prosecutor committed misconduct, because they failed to correct the statement allegedly made by the Court.

   Maurice's arguments are clearly contradicted by his testimony at the change of plea hearing held on January 7, 2013. At the hearing, Maurice testified that he understood that the Court could sentence him to any sentence up to and including not more than twenty years.  He also testified that no one had made any promises to him that were not included in the plea agreement.  Maurice was informed that he could change his mind and proceed to a jury trial, but he voluntarily chose to plead guilty after he testified that he understood the maximum possible sentence was twenty years.  As a result, Maurice's argument that he pled guilty because he

thought the maximum possible sentence was five years is unsupported by the record in this matter.

Maurice also asserts that his attorney failed to file a notice of appeal after Maurice asked him to do so. As explained previously, Maurice's attorney did in fact file an appeal, but the appeal was subsequently dismissed by the Fifth Circuit upon his attorney's representation that Maurice had consented to dismissal of the appeal. Maurice has not argued that the appeal was dismissed without his consent, and this Court does not have authority to determine whether the Fifth Circuit's dismissal was proper.

In addition, Maurice attempts to assert arguments pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), by claiming that this Court improperly raised the statutory minimum sentence by holding him responsible for possessing 130 kilograms of cocaine rather than 3.7 grams. In *Alleyne*, the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2163. The Court's factual determination regarding the amount of cocaine Maurice possessed did not affect the statutory minimum sentence; rather, it only affected the guidelines range. Therefore, *Alleyne* is not applicable. *See United States v. Kates*, No. 13-10502, 2014 WL 4813565, at *1 (5th Cir. Sept. 30, 2014); *United States v. Moncada-Delarosa*, No. 14-10332, 2014 WL 4802840, at *1 (5th Cir. Sept. 29, 2014). As a result, Maurice's *Alleyne* argument is without merit.

Maurice's remaining arguments concerning the guideline calculations, the application of a leadership enhancement, and the fine imposed at sentencing were waived as part of Maurice's plea agreement, because these arguments do not affect the determination that Maurice's guilty plea was informed and voluntary.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Lionel Rayale Maurice's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [95] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 28th day of October, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE